1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

_____
                                        )
NATIONSTAR MORTGAGE, LLC,               )
                                        )
              Plaintiff,                )              2:15-cv-01287-RCJ-VCF
                                        )
       vs.                              )
                                        )              **ORDER**
FALLS AT HIDDEN CANYON                  )
HOMEOWNERS ASSOCIATION et al.,          )
                                        )
              Defendants.               )
_____)

7
8
9
10
11
12

13      This case arises out of a homeowners' association foreclosure sale.  Pending before the

14  Court is a Motion to Dismiss (ECF No. 12).  For the reasons given herein, the Court denies the

15  motion in part and grants it in part, with leave to amend.

16  **I.      FACTS AND PROCEDURAL HISTORY**

17      In 2005, non-party Gwendolyn L. Farrow gave non-party Countrywide Home Loans, Inc.

18  a promissory note for $256,500 (the "Note") to purchase real property at 1852 Blue Fossil Way,

19  North Las Vegas, Nevada 89032 (the "Property"), secured by a deed of trust (the "DOT").

20  (Compl. ¶¶ 7, 12, ECF No. 1).  The DOT was later assigned to non-party Bank of New York

21  Mellon and then to Plaintiff Nationstar Mortgage, LLC ("Nationstar"). (_Id._ ¶¶ 13–14).  Farrow

22  has defaulted with over $301,515 due on the Note, and Nationstar intends to foreclose the DOT.

23  (_Id._ ¶¶ 15–17).

24

Defendant The Falls at Hidden Canyon Homeowners' Association (the "HOA") has completed its own foreclosure sale, however. (*See id.* ¶¶ 2, 18–29).  The HOA caused its foreclosure agent, non-party Absolute Collection Services ("ACS"), to record a notice of delinquent assessment lien (the "NDAL") in 2011 indicating that $1,390.21 was due, without specifying what amount was due for assessment fees versus interest, collection costs, etc. (*Id.* ¶ 18).  The HOA later caused ACS to record a notice of default and election to sell (the "NOD"), indicating that $2,250.21 was due, without specifying what amount was due for assessment fees versus interest, collection costs, etc., and without specifying the super-priority amount of the HOA's lien. (*Id.* ¶ 19).  The HOA later caused ACS to record a notice of sale (the "NOS"), scheduling a sale for September 13, 2011 and indicating that $3,318.21 was due, without specifying what amount was due for assessment fees versus interest, collection costs, etc., and without specifying the super-priority amount of the HOA's lien. (*Id.* ¶ 20).

On April 8, 2011 (after the NOD but before the NOS), Nationstar's predecessor-in-interest requested a ledger from the HOA identifying the super-priority amount of the HOA's lien. (*Id.* ¶¶ 19–20, 25).  ACS refused to do so, indicating in a letter that "without the action of foreclosure, a 9 month Statement of Account is not valid." (*Id.* ¶ 26).  Despite Nationstar's offer to tender the super-priority amount, the HOA sold the Property at its foreclosure sale to itself for $9,850, less than 4% of the outstanding principal balance on the Note. (*Id.* ¶¶ 27–28).  Defendant Las Vegas Development Group, LLC ("LVDG") obtained the Property from the HOA via quitclaim deed on November 23, 2011. (*Id.* ¶ 29).

Nationstar has sued the HOA and LVDG in this Court for: (1) quiet title based on, *inter alia*, violations of due process under the Constitution and state statute, failure to accept tender of the super-priority amount, and commercial unreasonableness of the sale; (2) violation of Nevada

Revised Statutes section ("NRS") 116.1113; and (3) common law wrongful foreclosure.[1]  The HOA has moved to dismiss.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

1 The fourth claim for injunctive relief is not a separate cause of action but a prayer for relief, and no motion for preliminary injunctive relief is pending.

draw the reasonable inference that the defendant is liable for the misconduct alleged.").  That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

   "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

1    **III.    ANALYSIS**

2         First, the HOA asks the Court to dismiss the quiet title claim as against the HOA because

3    it claims no interest in the Property adverse to Nationstar.  "In Nevada, an action to quiet title to

4    real property is permitted pursuant to Nev. Rev. Stat. § 40.010.  Such an action requests a

5    judicial determination of all adverse claims to disputed property." *Del Webb Conservation*

6    *Holding Corp. v. Tolman*, 44 F. Supp. 2d 1105, 1109–10 (D. Nev. 1999) (Pro, J.) (footnote

7    omitted) (citing *Clay v. Scheeline Banking & Tr. Co.*, 159 P. 1081, 1082–83 (Nev. 1916)).

8    Specifically, "[a]n action may be brought by any person against another who claims an estate or

9    interest in real property, adverse to the person bringing the action, for the purpose of determining

10   such adverse claim." Nev. Rev. Stat. § 40.010.

11        Recently, a court of this District dismissed a similar quiet title claim as against an HOA

12   and its agent, because neither entity claimed any interest in the property. *See Bayview Loan*

13   *Servicing, LLC v. SFR Invs. Pool 1, LLC*, No. 2:14-cv-1875, 2015 WL 2019067, at *3 (D. Nev.

14   May 1, 2015) (Mahan, J.) (citing *Anthony v. Todd*, No. 3:14-cv-649, 2015 WL 1334375, at *5

15   (D. Nev. Mar. 25, 2015) (Jones, J.)).  There, the actual dispute as to the title was between the

16   purchaser at the HOA foreclosure sale and the holder of a prior mortgage. *See id.* at *1.  The

17   deed of trust holders in those cases did not ask the respective courts to unwind the HOA

18   foreclosure sales but only to declare that the deeds of trust survived.  Plaintiff in this case also

19   seeks as a remedy a declaration that the DOT survived the HOA foreclosure sale.  However, it

20   seeks as an alternative remedy a declaration that the HOA foreclosure sale was void *ab initio*

21   based on violations of state statutory and common law and the Due Process Clause.  The Court

22   cannot dismiss the HOA as a party to the quiet title action where this remedy is sought.  The

23   Court will not dismiss the HOA based on its claim that it has no interest in the Property.  If the

24

Court were to award the alternative relief requested by Nationstar, ownership of the Property would revert to Farrow, LVDG would be entitled to recover whatever consideration it gave the HOA for the quitclaim deed, and the HOA's lien against the Property would be restored.  In other words, Plaintiff alleges that the HOA does have a present interest in the Property, because it alleges in the alternative that the HOA foreclosure sale is void and that the HOA still has a lien against the Property.

Second, the HOA asks the Court to dismiss for Nationstar's failure to abide by state law pre-litigation exhaustion requirements.  Failure to exhaust non-judicial remedies is generally treated as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007).  An exhaustion statute's "silen[ce] on the issue whether exhaustion must be pleaded by the plaintiff or is an affirmative defense . . . is strong evidence that the usual practice should be followed, and the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense." *Id.*  A Court should not dismiss based on an affirmative defense unless the elements of the defense appear on the face of the pleading to be dismissed. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).  Where an affirmative defense does not appear on the face of the pleading sought to be dismissed, it cannot be determined until (at least) the summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).  The HOA invokes the following exhaustion requirements:

No civil action based upon a claim relating to:

(a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or

(b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,

may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Nev. Rev. Stat. § 38.310.  The statute is silent on pleading requirements.  The Court therefore finds that the exhaustion requirement is an affirmative defense and denies the motion to dismiss based on NRS 38.310, as non-exhaustion does not appear on the face of the Complaint.[2]

Third, the HOA asks the Court to dismiss the quiet title claim insofar as it relies on a due process theory.  The Court grants the motion, with leave to amend to allege state action in the foreclosure sale. *See US Bank, N.A. v. SFR Invs. Pool 1, LLC*, --- F. Supp. 3d ----, 2015 WL 5023450, at *8–14 (D. Nev. 2015) (Jones, J.).  In summary of that opinion, although due process

---

2 The Court would be inclined to grant summary judgment in part if the HOA could show that Nationstar had not sought mediation.  In the second claim, Plaintiff asks the Court to rule that the HOA failed to apply the CC&R in good faith as required by NRS 116.1113.  A determination of that claim would require the interpretation and application of the CC&R.  Neither can the claims for quiet title and wrongful foreclosure be based on any violation of NRS 116.1113.  To the extent the quiet title and wrongful foreclosure claims do not depend on any interpretation of the CC&R, however, NRS 116.1113 does not require Nationstar to mediate them. *McKnight Family, L.L.P. v. Adept Management*, 310 P.3d 555 (Nev. 2013) does not require the wrongful foreclosure claim in this case to be mediated, except insofar as it relies on NRS 116.1113. *See id.* at 559 ("To determine whether an individual violated any conditions or failed to perform any duties required under an association's CC & Rs, a court must interpret the CC & Rs to determine their applicability and enforceability regarding the individual.  This type of interpretation falls under NRS 38.310.").  That case concerned a homeowner's default under the CC&R, and a determination of whether the homeowner had breached the CC&R of course required an interpretation of the CC&R. *See id.*  Nationstar does not contest that Farrow breached the CC&R, and except for its argument under NRS 116.1113, Nationstar's wrongful foreclosure claim relies on the HOA's alleged failure to permit Nationstar to tender the super-priority amount of the default.  A determination of that issue does not require any interpretation of the CC&R.

is required for state foreclosures, *see Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798–99 (1983), non-judicial foreclosure in Nevada does not normally involve state action sufficient to implicate the Due Process Clause of the Fourteenth Amendment, *see Apao v. Bank of N.Y.*, 324 F.3d 1091, 1093–94 (9th Cir. 2003); *Charmicor v. Deanor*, 572 F.2d 694, 695–96 (9th Cir. 1978).  Nor does the rule of *Shelley v. Kraemer*, 334 U.S. 1 (1948) apply to Nationstar's claims under the Due Process Clause of the Fifth Amendment, because Nationstar itself seeks to invoke the power of this Court. *See US Bank, N.A.*, 2015 WL 5023450, at *10.  The Court will not address the underlying due process issues at this time, but the Court's opinion in *US Bank, N.A.* should help the parties understand the Court's view on the issue. *See id.* at *11–14.

Fourth, the HOA asks the Court to dismiss for Nationstar's failure to notify the Attorney General of its constitutional challenge under NRS 30.130.  But that statute applies only to municipal ordinances and franchises. *See* Nev. Rev. Stat. § 30.130 ("In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General shall also be served with a copy of the proceeding and be entitled to be heard.").  The case the HOA cites in support of its argument involved a Reno city ordinance. *See City of Reno v. Saibini*, 429 P.2d 559, 560 (Nev. 1967).  This case involves no municipal ordinance or franchise.

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED IN PART and DENIED IN PART.  The quiet title claim is dismissed insofar as it relies on a due process theory, with leave to amend to allege state action in the HOA foreclosure sale.

IT IS SO ORDERED.

Dated this 12th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge