**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>FALLS AT HIDDEN CANYON HOMEOWNERS ASSOCIATION et al.,<br><br>   Defendants. | 2:15-cv-01287-RCJ-NJK<br><br>**ORDER** |

This case arises from a residential foreclosure by the Falls at Hidden Canyon Homeowners Association ("the HOA") for failure to pay HOA fees. Pending before the Court is the HOA's Motion to Dismiss. (ECF No. 38.) For the reasons given herein, the Court grants the Motion.

**I. FACTS AND PROCEDURAL BACKGROUND**

In October 2005, non-party Gwendolyn L. Farrow obtained a $256,500 mortgage loan to purchase property located at 1852 Fossil Butte Way, North Las Vegas, Nevada 89032 ("the Property"). (Am. Compl. ¶¶ 7, 13, ECF No. 36.) Non-party The Bank of New York Mellon ("BNYM") acquired the note and Deed of Trust ("DOT") by Corporate Assignment of Deed of Trust recorded March 24, 2010. (*Id.* at ¶ 14.)

On January 5, 2011, as a result of the homeowners' failure to pay HOA fees, the HOA recorded a lien for delinquent assessments. (*Id.* at ¶ 16.) The HOA later recorded a notice of

default and election to sell on March 11, 2011, and a notice of trustee's sale on July 28, 2011. (*Id.* at ¶¶ 17–18.) On April 8, 2011, BNYM requested, through its agent, a payoff ledger identifying the amount of the superpriority portion of the HOA's lien. The HOA refused to provide the ledger. (*Id.* at ¶ 25.) On November 15, 2011, the HOA foreclosed on the Property, acquiring the Property itself for the sale price of $9,850. (*Id.* at ¶ 27.) The HOA then assigned the Property to Defendant Las Vegas Development Group, LLC ("LVDG") by quitclaim deed recorded November 23, 2011. (*Id.* at ¶ 28.) LVDG then quitclaimed its interest in the Property to non-party Airmotive Investments, LLC. (*Id.* at ¶ 29.) Plaintiff Nationstar Mortgage, LLC ("Plaintiff") alleges it later obtained its interest in the Property from BNYM by a Corporate Assignment of Deed of Trust recorded November 21, 2014. (*Id.* at ¶ 15.)

On July 8, 2015, Plaintiff brought this action for quiet title and declaratory judgment, violation of NRS 116.1113, wrongful foreclosure, and injunctive relief. On April 26, 2017, Plaintiff filed a First Amended Complaint ("FAC"). The HOA now moves the Court to dismiss the FAC. (Mot. Dismiss, ECF No. 38.)

## II.  MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

III.  ANALYSIS

    a. **Statute of Limitations**

        i. **The applicable limitations periods for claims arising from the foreclosure sale began running at the time of foreclosure.**

"In determining whether a statute of limitations has run against an action, the time must be computed from the day the cause of action accrued. A cause of action 'accrues' when a suit may be maintained thereon." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997) (internal citation omitted). "If the facts giving rise to the cause of action are matters of public record then '[t]he public record gave notice sufficient to start the statute of limitations running.'" *Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cty.*, No. 55572, 2015 WL 5056232, at *3 (Nev. Aug. 25, 2015) (quoting *Cumming v. San Bernardino Redev. Agency*, 101 Cal. App. 4th 1229, 125 Cal. Rptr. 2d 42, 46 (Ct. App. 2002)); *see also Allen v. Webb*, 485 P.2d 677, 684 (Nev. 1971) (Gunderson, J., concurring) (concluding that, where a written document regarding real property was not properly recorded, there was not proper notice of the conveyance of that property so as to trigger the statute of limitations period on a quiet title action).

Plaintiff's interest in the Property was called into question at the time of the foreclosure sale due to NRS 116.3116(2), which gives priority to that portion of an HOA lien consisting solely of unpaid HOA assessments accrued during the "nine months immediately preceding institution of an action to enforce the lien." It is clear that Plaintiff's predecessor-in-interest could have brought an action to quiet title against the HOA at any time following the HOA's

foreclosure sale, in order to obtain a declaration that the sale had not extinguished its interest in the Property. Similarly, Plaintiff's predecessor-in-interest could have asserted claims for violation of NRS 116.1113 and wrongful foreclosure as soon as it obtained facts to support a contention that the HOA's sale of the Property was improper. There is no indication in the FAC that such facts were obtained any later than at the time of foreclosure. Therefore, the Court finds that the statutes of limitations applicable to Plaintiff's claims against the HOA began to run, at the latest, on the date of recordation of the foreclosure deed—November 16, 2011. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) (emphasis added) ("Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale *within five years of the sale*."); *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 600 (9th Cir. 2015); *Bank of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-449, 2017 WL 421652, at *3 (D. Nev. Jan. 30, 2017) (Mahan, J.); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433, 2016 WL 1298108, at *3 (D. Nev. Mar. 31, 2016) (Gordon, J.).

### ii. The quiet title claim is subject to a five-year statute of limitations.

In Nevada, the statute of limitations for quiet title claims is five years. *See* Nev. Rev. Stat. §§ 11.070, 11.080. Plaintiff brought this action within five years of the foreclosure sale. Therefore, Plaintiff's quiet title claim is timely.

### iii. The claim for violation of NRS 116.1113 is subject to a three-year statute of limitations.

Plaintiff also alleges violations of NRS 116.1113, which states that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." This claim is based "upon a liability created by statute," Nev. Rev. Stat. § 11.190(3)(a); thus, the three-year statute of limitations applies. *See, e.g.*, *Bank of N.Y. Mellon*

*Trust Co., N.A. v. Jentz*, No. 2:15-cv-01167-RCJ-CWH, 2016 WL 4487841, at *3 (D. Nev. Aug. 24, 2016); *Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *5; *HSBC Bank USA v. Park Ave. Homeowners' Ass'n*, No. 2:16-cv-460-JCM-NJK, 2016 WL 5842845, at *3 (D. Nev. Oct. 3, 2016). Plaintiff filed this action more than three years after the recordation of the foreclosure deed. Therefore, Plaintiff's claim for violation of NRS 116.1113 is time-barred, and is dismissed with prejudice.

### iv. The wrongful foreclosure claim may be subject to either a three-year or six-year statute of limitations.

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). The Nevada Supreme Court has opined that "deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions, or restrictions applicable to residential property." *Id.* This is so because a wrongful foreclosure claim may lie where the HOA's foreclosure violated *either* (1) the statute giving the HOA authority to foreclose (i.e., NRS Chapter 116), *or* (2) the CC&Rs applicable to the foreclosed property. *See Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982) (finding no impropriety where "the lien foreclosure sale was conducted under authority of the CC&Rs and in compliance with NRS 107.080"). The procedural requirements of NRS Chapter 116 may not be waived in the CC&Rs "except as expressly provided in Chapter 116." *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014), *reh'g denied* (Oct. 16, 2014) (internal brackets and quotation marks omitted) (citing NRS 116.1104). Therefore, the CC&Rs may not ease the procedural requirements of Chapter 116, nor alter the statute's substantive effect. However, an HOA could theoretically comply with Chapter 116 and nonetheless fail to comply with supplementary or heightened procedural

requirements contained in the CC&Rs. In such a case, no wrongful foreclosure claim would arise from statute, but may arise from the CC&Rs.

A wrongful foreclosure action based on an alleged failure to comply with Chapter 116 is subject to the three-year statute of limitations for claims based "upon a liability created by statute." Nev. Rev. Stat. § 11.190(3)(a); *see also Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *5; *Park Ave. Homeowners' Ass'n*, 2016 WL 5842845, at *3. Therefore, to the extent Plaintiff alleged wrongful foreclosure based on the requirements of Chapter 116, this claim is dismissed because it was not brought within three years of the recordation of the foreclosure deed.

On the other hand, a wrongful foreclosure claim arising from a failure to comply with the applicable CC&Rs is not based on an obligation created by a statute; rather, it arises from a "contract, obligation, or liability founded upon an instrument in writing." NRS § 11.190(1)(b). Therefore, where a wrongful foreclosure claim is based on a violation of the CC&Rs, a six-year statute of limitations applies. Here, however, the FAC does not allege that any Defendant failed to comply with the CC&Rs when foreclosing on the Property. Accordingly, Plaintiff's wrongful foreclosure claim is dismissed without prejudice.

### b. Quiet Title

The Court will not dismiss Plaintiff's first cause of action, for quiet title and declaratory judgment, for failure to state a claim. Plaintiff's claim is premised on several theories, including: (1) the unconstitutionality of the NRS Chapter 116 (*see Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016)); (2) the rejected tender of the superpriority amount of the HOA's lien; and (3) the commercial unreasonableness of the foreclosure sale, based primarily on a grossly inadequate sale price. This Court has found that all of these theories can support a quiet title claim, and on multiple occasions has granted summary judgment in favor

of first deed of trust holders on the bases of Fourteenth Amendment due process and rejected tender. *See, e.g.*, *Absolute Bus. Sols., Inc. v. Mortg. Elec. Registration Sys., Inc.*, No. 2:15-cv-01325, 2017 WL 2259826, at *2 (D. Nev. May 23, 2017) (summary judgment based on *Bourne Valley*); *U.S. Bank, Nat'l Ass'n v. NV Eagles, LLC*, No. 2:15-cv-00786, 2017 WL 2259768, at *4 (D. Nev. May 23, 2017) (summary judgment based on rejected tender).

However, the Court agrees with the HOA that Plaintiff has failed to join a necessary party in this litigation. Under Federal Rule of Civil Procedure 19(a)(1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Here, the chain of title documents referenced in the FAC facially indicate that LVDG quitclaimed its interest in the Property to non-party Airmotive Investments, LLC on or around January 5, 2017. (Am. Compl. ¶ 29, ECF No. 36.) It appears Airmotive is the current owner of the Property, and as such, is a necessary party in this case. Airmotive has an interest in the subject of this action, and adjudicating Plaintiff's quiet title claim in Airmotive's absence would certainly impede Airmotive's ability to protect that interest.

Therefore, the Court will dismiss the first cause of action, with leave to amend, to allow Plaintiff to join Airmotive as a defendant.

### c. Injunctive Relief

Injunctive relief, is a remedy, not an underlying substantive claim. *Tyler v. Am. Home Mortgage*, No. 3:10–cv–00042, 2011 WL 5025234 at *6 (D. Nev. Oct. 21, 2011) (Reed, J.) (citing *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D.

Nev. 2007)); *see also Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action. A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate."). Therefore, the purported cause of action for injunctive relief is dismissed with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 38) is GRANTED. Plaintiff's second and fourth causes of action, for violation of NRS 116.1113 and injunctive relief, respectively, are DISMISSED WITH PREJUDICE. Plaintiff's third cause of action for wrongful foreclosure is DISMISSED WITHOUT PREJUDICE consistent with the Court's analysis above. Plaintiff's first cause of action for quiet title is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall have thirty days from the entry of this order to file a second amended complaint, joining Airmotive Investments, LLC as a party.

IT IS SO ORDERED. June 14, 2017

_____
ROBERT C. JONES
United States District Judge