# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NATIONSTAR MORTGAGE, LLC,

                 Plaintiff,

    vs.

FALLS AT HIDDEN CANYON
HOMEOWNERS ASSOCIATION et al.,

               Defendants.

2:15-cv-01287-RCJ-NJK

**ORDER**

       This case arises from a residential foreclosure by the Falls at Hidden Canyon Homeowners Association ("the HOA") for failure to pay HOA fees. Pending before the Court is a Motion to Dismiss. (ECF No. 48.) For the reasons given herein, the Motion is granted in part and denied in part.

## I.    FACTS AND PROCEDURAL BACKGROUND

       In October 2005, non-party Gwendolyn L. Farrow obtained a $256,500 mortgage loan to purchase property located at 1852 Fossil Butte Way, North Las Vegas, Nevada 89032 ("the Property"). Non-party The Bank of New York Mellon ("BNYM") acquired the note and Deed of Trust ("DOT") by Corporate Assignment of Deed of Trust recorded March 24, 2010.

       On January 5, 2011, as a result of the homeowners' failure to pay HOA fees, the HOA recorded a lien for delinquent assessments. The HOA later recorded a notice of default and election to sell on March 11, 2011, and a notice of trustee's sale on July 28, 2011. On April 8,

2011, BNYM requested, through its agent, a payoff ledger identifying the amount of the superpriority portion of the HOA's lien. The HOA refused to provide the ledger. On November 15, 2011, the HOA foreclosed on the Property, acquiring the Property itself for the sale price of $9,850. The HOA assigned the Property to Defendant Las Vegas Development Group, LLC ("LVDG") by quitclaim deed recorded November 23, 2011. LVDG then quitclaimed its interest in the Property to Defendant Airmotive Investments, LLC. Plaintiff Nationstar Mortgage, LLC ("Plaintiff") alleges it later obtained its interest in the Property from BNYM by a Corporate Assignment of Deed of Trust recorded November 21, 2014.

On July 8, 2015, Plaintiff brought this action for quiet title and declaratory judgment, violation of NRS 116.1113, wrongful foreclosure, and injunctive relief. On April 26, 2017, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff alleges that the HOA's foreclosure sale did not extinguish BYNM's interest in the Property, and therefore the title Plaintiff acquired from BNYM following the foreclosure is superior to any interest held by any Defendant.

The HOA filed a motion to dismiss the FAC, which the Court granted on June 14. (Order, ECF No. 41.) On July 14, Plaintiff filed his Second Amended Complaint ("SAC"). The HOA now moves for dismissal of the SAC. Defendants LVDG and Absolute Collection Services, LLC have joined in the motion.

## II.    MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.    ANALYSIS

### a.    Wrongful Foreclosure

The Court previously dismissed Plaintiff's wrongful foreclosure claim as time-barred to the extent it was based on an alleged violation of statute. (Order 6–7, ECF No. 41.) The Court also dismissed the claim, without prejudice, to the extent it was based on alleged violations of the CC&Rs applicable to Property, because the FAC did not allege that any Defendant failed to comply with the CC&Rs in relation to the foreclosure. In the SAC, Plaintiff has repled its wrongful foreclosure claim, and has simply ignored the analysis in the Court's order dismissing the FAC. Plaintiff has not attempted to cure the deficiencies in its pleading by adding factual allegations regarding violations of the CC&Rs. For that reason, the Court will again dismiss this claim.

However, what is missing from Plaintiff's pleading appears to be present in its response to the motion to dismiss. For example, Plaintiff argues that the CC&Rs obligated the HOA to "set forth the amount of the unpaid assessment within ten days of a written request of a senior deed of trust holder," and that prior to foreclosure the HOA actually refused to comply with such a request from Plaintiff's predecessor-in-interest. (Resp. 8–9, ECF No. 55.) Allegations in response to a motion to dismiss do not equate to allegations in the complaint. The complaint is

the governing document in any litigation, and it is the complaint which must contain facts

supporting a plausible claim for relief. Under the circumstances, the Court will give Plaintiff one

final opportunity to cure the deficiencies in its pleading of the wrongful foreclosure claim.

### b. Quiet Title

The HOA next relies heavily on *Ditech Fin. LLC v. Saticoy Bay LLC Series 4683 Califa*,

No. 2:17-cv-757, 2017 WL 2871068, at *2 (D. Nev. July 3, 2017) (Mahan, J.), to argue that

Plaintiff lacks standing to assert his quiet title claim. The Court respectfully disagrees with the

analysis in *Ditech*. A quiet title action is simply a request for a court to declare the rights of the

parties as to the title to a piece of real estate. *See Kress v. Corey*, 189 P.2d 352, 364 (Nev. 1948).

In Nevada, "[a]n action may be brought by any person against another who claims an estate or

interest in real property, adverse to the person bringing the action for the purpose of determining

such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any

particular elements, but each party must plead and prove his or her own claim to the property in

question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v.*

*Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and

citations omitted). Therefore, any person with a claimed interest in a property may bring a quiet

title action to obtain a declaration that his title is superior to that of other interest holders, and

may prove his claim by any valid legal theory, including the theories advanced by Plaintiff here.

The fact that Plaintiff did not own an interest in the Property at the time of the foreclosure sale is

not dispositive in determining the validity and priority of the interest Plaintiff presently claims.

Lastly, the arguments against Plaintiff's procedural due process theory, set forth in the

motion to dismiss and LVDG's joinder, are foreclosed by *Bourne Valley Court Tr. v. Wells*

*Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). In *Bourne*

*Valley*, the Ninth Circuit held that the "opt-in notice scheme" of NRS 116.3116—included in the

statute until its amendment in October 2015—was facially unconstitutional because it violated the procedural due process rights of mortgage lenders. If the effect of a foreclosure under the facially unconstitutional statute is to prevent the extinguishment of the first DOT, then Plaintiff's predecessor-in-interest would have retained superior title to the Property following the HOA's foreclosure in this case. This is a valid theory upon which Plaintiff asserts its quiet title claim.

Accordingly, the motion to dismiss the quiet title claim is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 48) is GRANTED IN PART AND DENIED IN PART. Plaintiff's second cause of action for wrongful foreclosure is DISMISSED WITH LEAVE TO AMEND within thirty days of this order's entry.

IT IS SO ORDERED.


_____
ROBERT C. JONES
United States District Judge
Dated:  This 27th day of September, 2017.